# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 5:05MC202-C

| | |
|---|---|
| IN RE: SUBPOENA ISSUED TO LOWE'S HOME CENTERS, INC., </br></br> – in – </br></br> MEREDITH & SONS LUMBER CO., INC., and COASTAL PRODUCTS PLUS, LLC, </br></br> Plaintiffs, </br></br> v. </br></br> WEYERHAEUSER COMPANY, </br></br> Defendant, </br></br> Pending in the United States District Court for the Northern District of Florida, Civil Action No. 3:04CV283RV/M | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Lowe's Home Centers, Inc.'s "Motion ... to Quash Subpoena ... " (document #1) and "Memorandum ... in Support ..." (document #2), both filed August 3, 2005; and Meredith & Sons Lumber Co., Inc.'s and Coastal Products Plus, LLC's "Response ..." (document #4) filed August 17, 2005. On August 26, 2005, Lowe's Home Centers, Inc. filed its "Reply ..." (document #5).

On August 30, 2005, this matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B), and the subject motion is now ripe for determination.

Having carefully reviewed the pleadings, record, arguments of counsel, and applicable authority, the Court will <u>grant</u> Lowe's Home Centers, Inc.'s "Motion ... to Quash Subpoena"

(document #1), as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This matter concerns a non-party subpoena filed in an underlying breach of contract action brought in the Northern District of Florida by Meredith & Sons Lumber Co. Inc. and Coastal Products Plus, LLC (collectively "Meredith"), initially against Lowe's Home Centers, Inc. ("Lowe's") and Weyerhaeuser Company ("Weyerhaeuser").

Relative to the subject motion to quash, Weyerhaeuser is the distributor of certain decking material and accessories known as "ChoiceDek," which is manufactured by non-party Advanced Environmental Recycling Technologies, Inc. ("AERT"). On April 27, 2000, Meredith and Weyerhaeuser entered into a Sub-Distributorship Agreement ("the Meredith agreement") pursuant to which Weyerhaeuser granted Meredith an exclusive right to sell ChoiceDek in the geographic area of "the Florida panhandle."

Subsequently, Weyerhaeuser and Lowe's, one of Meredith's competitors, entered into an agreement ("the Lowe's agreement") whereby Lowe's was granted the exclusive right to sell the ChoiceDek "Premium" line across the country, including in the Florida panhandle, and the non-exclusive right to sell other ChoiceDek products. On February 28, 2002, Meredith and Weyerhaeuser amended the Meredith Agreement to take into account Weyerhaeuser's contract with Lowe's, that is, to permit Lowe's to sell ChoiceDek products in the Florida panhandle. After the amendment, Meredith retained the non-exclusive right to sell all ChoiceDek lines, except the Premium line, in the Florida panhandle, and was to be paid a 17% commission by Weyerhaeuser on the gross sales of all AERT products sold to Lowe's for distribution in the same area.

It is undisputed that sometime after February 28, 2002, AERT and Lowe's made improvements and modifications to the ChoiceDek Premium product line. The parties dispute, however, whether the improved product remained a part of the Premium line, subject to Lowe's exclusive sales rights, or whether the improved product became a new ChoiceDek product, which Meredith would also be entitled to sell.

Sometime in 2004, Meredith filed the underlying lawsuit in the Northern District of Florida, alleging claims for breach of contract against Weyerhaeuser arising from its refusal to sell the "improved" Premium product to Meredith and its alleged failure to pay Meredith commissions on sales to Lowe's in the Florida panhandle that allegedly accrued in or after July 2004. As noted above, the Complaint also initially stated a claim against Lowe's, for intentional interference with contract, but as the parties point out in their present briefs, sometime in Fall 2004, Lowe's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) was <u>granted</u>.

The discovery deadline in the underlying action was August 15, 2005, but notwithstanding the proximity of that date, on July 27, 2005, Meredith served the subject subpoena <u>duces tecum</u> on Lowe's, noticing a Fed. R. Civ. P. 30(b)(6) deposition for August 8, 2005.[1] Specifically, Meredith seeks a Lowe's witness who will testify and production of documents concerning: (1) the value and volume of <u>all</u> AERT products Lowe's purchased from Weyerhaeuser for sale nationally, that is, not limited to the Florida panhandle or even that state, during the past five years; (2) the product codes and identification system used by Lowe's to purchase AERT products; and (3) all other Lowe's purchases and contractual relationships with Weyerhaeuser over the same period and geographic

---

[1]Meredith represents that it has filed, but has not received a ruling upon, a motion to extend the discovery deadline, and that Weyerhaeuser did not oppose the motion.

area.

On August 3, 2005, Lowe's filed its Motion to Quash, alleging that although it does maintain documents concerning Weyerhaeuser separate and apart from those relating to its other suppliers, it does not segregate those records by product; that records concerning the ChoiceDek line or even AERT products generally make up only "a small fraction" of Lowe's business with Weyerhaeuser; that in order to comply with the subpoena, Lowe's would, therefore, be required to invest substantial employee time to conduct a store-by-store,[2] manual review of each potentially responsive document, that is, to scour thousands of active and archived documents; that Lowe's could not possibly respond in the ten-day period between service of the subpoena and the August 8, 2005 deposition date; that the information that Meredith, its competitor, seeks is generally "confidential"; and that all of the information subject to the subpoena may also be obtained through discovery from Weyerhaeuser.

In its Response, Meredith does not dispute that Lowe's would expend significant amounts of time and money responding to the subpoena, and contends only that because the subpoena seeks information "relevant" to its breach of contract claims against Weyerhaeuser and is generally "reasonable" in its geographic and temporal parameters, the Court should enter an Order requiring Lowe's both to appear for the Rule 30(b)(6) deposition and to make full production of responsive documents.

As Lowe's points out in its Reply, however, Meredith made only one attempt to obtain the same information from Weyerhaeuser, through the service of an initial set of Requests for Production of Documents, and when full responses were not forthcoming, rather than file a Motion to Compel, notice Weyerhaeuser's Rule 30(b)(6) deposition on that topic, or take some other action designed

---

[2]Lowe's alleges and Meredith does not dispute that Lowe's has more than 1,000 stores.

to obtain full responses from Weyerhaeuser, Meredith elected to attempt to obtain the documents from Lowe's.

Lowe's motion has been briefed as discussed above and is, therefore, ripe for determination.

## II. DISCUSSION

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947).

Generally, the resolution of discovery disputes, that is, whether to grant or deny a motion to compel or, in this case, whether to enforce or quash a party's subpoena duces tecum, is left within the district court's broad discretion. See, e.g., Nicholas v. Wyndham Intern., Inc., 373 F.3d 537, 542 (4th Cir. 2004) (district court's denial of party's motion to enforce non-party subpoena duces tecum reviewed for abuse of discretion and affirmed where moving party had access to same information through discovery from opposing party); Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting district court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

Although there is no Fourth Circuit authority directly on point, in a case where non-parties sought to quash a subpoena <u>duces tecum</u> that otherwise would have required them to invest considerable time and resources in reviewing and producing documents, the Ninth Circuit Court of Appeals affirmed the district court's decision to quash, holding that the proponent party's "need for these documents was not sufficient to outweigh the burden and invasion of corporate privacy which would have resulted to [the non-parties], especially since they were not parties to the suit." <u>Premium Service Corp. v. Sperry & Hutchinson Co.</u>, 511 F.2d 225, 299 (9th Cir. 1975) (noting that the subpoena was "sweeping in nature, covering every paper touching on any relationship between" the non-parties and the opposing party, and "[c]ompliance would have required extensive sifting and analysis" by the non-parties' employees).

Applying these legal principles, Meredith is not, at this point in the proceedings, entitled to conduct a Rule 30(b)(6) deposition or compel document production from Lowe's, particularly given the sweeping nature of the subject subpoena. Indeed, although Meredith's claim concerning Weyerhaeuser's refusal to sell it the Premium ChoiceDek line arose no earlier than sometime in 2002, and its claim for unpaid commissions is expressly limited to sales in or after July 2004, it seeks production of documents from Lowe's dating from 2000. Similarly, although Meredith's claims against Weyerhaeuser relate only to sales of ChoiceDek and/or AERT products in the Florida panhandle, Meredith seeks to compel production of documents from Lowe's concerning not only ChoiceDek/AERT, but also Lowe's relationship with Weyerhaeuser generally, and, concerning both, on a national level.

Lowe's has credibly alleged that it cannot respond to Meredith's subpoena as currently drafted without conducting a nationwide, store-by-store, manual search of thousands of documents,

only a "small fraction" of which will be within the scope of the subpoena. Particularly where Meredith has not fully exhausted its attempts to obtain production from Weyerhaeuser, requiring non-party Lowe's to incur the expense that such a response would require is unwarranted. Accord Nicholas, 373 F.3d at 542 (district court's denial of party's motion to enforce non-party subpoena duces tecum affirmed where moving party had access to same information through discovery from opposing party); and Premium Service Corp., 511 F.2d at 299 (affirming quashing of subpoena where non-party would have incurred great expense responding).

The undersigned will, therefore, grant Lowe's Motion to Quash, but for so long as the discovery period in the underlying matter pending in the Northern District of Florida is extended, without prejudice to Meredith's right to serve an amended subpoena under the following conditions: (1) that prior to serving an amended subpoena on Lowe's, Meredith must fully exhaust its efforts to obtain the subject discovery from Weyerhaeuser; (2) that the amended subpoena must allow Lowe's not less than 30 days to respond; and (3) that the amended subpoena shall be limited to information not already provided by Weyerhaeuser and relating to Weyerhaeuser's sales to Lowe's of ChoiceDek and other AERT products that were made on or after January 1, 2002, and in the geographic area the parties presently describe as "the Florida panhandle."

Recognizing Lowe's generalized concerns about confidentiality raised in its present motion, in the event that Meredith does serve an amended subpoena, the undersigned strongly urges Lowe's and Meredith, and their respective counsel, to negotiate in good faith and present to the Court an appropriate consent Protective Order. In the absence of such consent, Lowe's may file a Motion for Protective Order, indicating with specificity which responsive documents are confidential and whether and/or how a Protective Order might be crafted to preserve such confidentiality.

## III. ORDER

**NOW, THEREFORE, IT IS ORDERED:**

1. Lowe's Home Centers, Inc.'s "Motion ... to Quash Subpoena ... " (document #1) is **GRANTED**, and the subpoena <u>duces tecum</u> served by Meredith & Sons Lumber Co., Inc. and Coastal Products Plus, LLC on July 27, 2005 is **QUASHED WITHOUT PREJUDICE** to those parties' right to serve an amended subpoena under the terms stated above.

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties; <u>and to the Honorable Robert J. Conrad, Jr</u>.

**SO ORDERED, ADJUDGED, AND DECREED.**

*Signed: August 31, 2005*

/s/ Carl Horn, III

Carl Horn, III
United States Magistrate Judge