# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:05MC202-C

| | |
|---|---|
| IN RE: SUBPOENA ISSUED TO LOWE'S ) <br> HOME CENTERS, INC., ) <br> ) <br> – in – ) <br> ) <br> MEREDITH & SONS LUMBER CO., INC., ) <br> and COASTAL PRODUCTS PLUS, LLC, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> WEYERHAEUSER COMPANY, ) <br> ) <br> Defendant, ) <br> ) <br> Pending in the United States District Court ) <br> for the Northern District of Florida, ) <br> Civil Action No. 3:04CV283RV/M ) <br> ) | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Meredith & Sons Lumber Co., Inc.'s and Coastal Products Plus, LLC's "Motion to Compel [including argument and citation to authorities]" (document #7) filed February 6, 2006; and Lowe's Home Centers, Inc.'s "Memorandum in Response ..." (document #8) filed February 17, 2006.

Meredith & Sons Lumber Co., Inc. and Coastal Products Plus, LLC have not filed a reply in support of their Motion, and the time for filing a reply brief has expired.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B), and the subject motion is now ripe for determination.

This matter concerns a non-party subpoena filed in an underlying breach of contract action

brought in the Northern District of Florida by Meredith & Sons Lumber Co. Inc. and Coastal Products Plus, LLC (collectively "Meredith"), initially against Lowe's Home Centers, Inc. ("Lowe's") and Weyerhaeuser Company ("Weyerhaeuser").

Relative to the subject motion to quash, Weyerhaeuser is the distributor of certain decking material and accessories known as "ChoiceDek," which is manufactured by non-party Advanced Environmental Recycling Technologies, Inc. ("AERT"). On April 27, 2000, Meredith and Weyerhaeuser entered into a Sub-Distributorship Agreement ("the Meredith agreement") pursuant to which Weyerhaeuser granted Meredith an exclusive right to sell ChoiceDek in the geographic area of "the Florida panhandle."

Subsequently, Weyerhaeuser and Lowe's, one of Meredith's competitors, entered into an agreement ("the Lowe's agreement") whereby Lowe's was granted the exclusive right to sell the ChoiceDek "Premium" line across the country, including in the Florida panhandle, and the non-exclusive right to sell other ChoiceDek products. On February 28, 2002, Meredith and Weyerhaeuser amended the Meredith Agreement to take into account Weyerhaeuser's contract with Lowe's, that is, to permit Lowe's to sell ChoiceDek products in the Florida panhandle. After the amendment, Meredith retained the non-exclusive right to sell all ChoiceDek lines, except the Premium line, in the Florida panhandle, and was to be paid a 17% commission by Weyerhaeuser on the gross sales of all AERT products sold to Lowe's for distribution in the same area.

It is undisputed that sometime after February 28, 2002, AERT and Lowe's made improvements and modifications to the ChoiceDek Premium product line. The parties dispute, however, whether the improved product remained a part of the Premium line, subject to Lowe's exclusive sales rights, or whether the improved product became a new ChoiceDek product, which

Meredith would also be entitled to sell.

Sometime in 2004, Meredith filed the underlying lawsuit in the Northern District of Florida, alleging claims for breach of contract against Weyerhaeuser arising from its refusal to sell the "improved" Premium product to Meredith and its alleged failure to pay Meredith commissions on sales to Lowe's in the Florida panhandle that allegedly accrued in or after July 2004. As noted above, the Complaint also initially stated a claim against Lowe's, for intentional interference with contract, but sometime in Fall 2004, Lowe's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) was granted.

The initial discovery deadline in the underlying action was August 15, 2005, but notwithstanding the proximity of that date, on July 27, 2005, Meredith served its first subpoena duces tecum on Lowe's, noticing a Fed. R. Civ. P. 30(b)(6) deposition for August 8, 2005. Specifically, Meredith sought a Lowe's witness who could testify and production of documents concerning: (1) the value and volume of all AERT products Lowe's purchased from Weyerhaeuser for sale nationally, that is, not limited to the Florida panhandle or even that state, during the previous five years; (2) the product codes and identification system used by Lowe's to purchase AERT products; and (3) all other Lowe's purchases and contractual relationships with Weyerhaeuser over the same period and geographic area.

On August 3, 2005, Lowe's filed its Motion to Quash, alleging that although it did maintain documents concerning Weyerhaeuser separate and apart from those relating to its other suppliers, it did not segregate those records by product; that records concerning the ChoiceDek line or even AERT products generally made up only "a small fraction" of Lowe's business with Weyerhaeuser; that in order to comply with the subpoena, Lowe's would, therefore, be required to invest substantial

3

employee time to conduct a store-by-store,[1] manual review of each potentially responsive document, that is, to scour thousands of active and archived documents; that Lowe's could not possibly respond in the ten-day period between service of the subpoena and the August 8, 2005 deposition date; that the information that Meredith, its competitor, sought was generally "confidential"; and that all of the information subject to the subpoena could also be obtained through discovery from Weyerhaeuser.

In its Response, Meredith did not dispute that Lowe's would expend significant amounts of time and money responding to the subpoena, and contended only that because the subpoena sought information "relevant" to its breach of contract claims against Weyerhaeuser and was generally "reasonable" in its geographic and temporal parameters, the Court should enter an Order requiring Lowe's both to appear for the Rule 30(b)(6) deposition and to make full production of responsive documents.

As Lowe's pointed out in its Reply, at that time, Meredith had made only one attempt to obtain the same information from Weyerhaeuser, through the service of an initial set of Requests for Production of Documents, and when full responses were not forthcoming, rather than file a Motion to Compel, notice Weyerhaeuser's Rule 30(b)(6) deposition on that topic, or take some other action designed to obtain full responses from Weyerhaeuser, Meredith elected to attempt to obtain the documents from Lowe's.

On August 31, 2005, the undersigned <u>granted</u> Lowe's Motion to Quash, but "for so long as the discovery period in the underlying matter pending in the Northern District of Florida might be extended," the first subpoena was quashed without prejudice to Meredith's right to serve an amended subpoena under the following conditions:

---

[1] Lowe's alleges and Meredith does not dispute that Lowe's has more than 1,000 stores.

4

> (1) that prior to serving an amended subpoena on Lowe's, Meredith must fully exhaust its efforts to obtain the subject discovery from Weyerhaeuser; (2) that the amended subpoena must allow Lowe's not less than 30 days to respond; and (3) that the amended subpoena shall be limited to information not already provided by Weyerhaeuser and relating to Weyerhaeuser's sales to Lowe's of ChoiceDek and other AERT products that were made on or after January 1, 2002, and in the geographic area the parties presently describe as "the Florida panhandle."

"Memorandum and Order" at 7 (document #6).[2]

Meredith did not appeal that Order to the District Judge to whom this matter is assigned (the Honorable Robert J. Conrad, Jr.), and accordingly, it is "the law of this case" that Meredith may compel Lowe's to appear at a deposition or produce documents only if it complies with those previously-stated conditions.

The discovery deadline in the Florida litigation was later extended, and the discovery period is still open.

Meredith subsequently prepared an amended subpoena duces tecum, that was dated September 8, 2005, complied with the Court's earlier Order in its scope, and noticed Lowe's Rule 30(b)(6) deposition for October 12, 2005. Meredith alleges that it attempted timely service, that is, on or before September 12, 2005, through the Iredell County Sheriff's Department, but it is undisputed that Lowe's was not actually served until October 11, 2005, the day before the proposed deposition.

Although Meredith attributes its failure to timely serve the second subpoena to errors by the Sheriff's Department, it admits that prior to issuing the subpoena, it made no effort to informally

---

[2] Regarding Lowe's concerns about confidentiality, the Court "strongly urge[d] Lowe's and Meredith, and their respective counsel, to negotiate in good faith and present to the Court an appropriate consent Protective Order" and advised that if the parties did not reach such an agreement, Lowe's was free to file a Motion for Protective Order if the subpoena was renewed. However, no Protective Order has been entered in this matter, and Lowe's has not filed a Motion for Protective Order or otherwise raised confidentiality of the information sought in response to the subject Motion to Compel.

5

schedule a mutually convenient date or otherwise notify Lowe's of the proposed deposition. Understandably, Lowe's did not agree to produce documents or appear for the deposition on one day's notice, and Meredith withdrew that subpoena.

On January 3, 2006, Meredith issued yet another amended subpoena <u>duces tecum</u>, noticing Lowe's Rule 30(b)(6) deposition for February 10, 2006. The subpoena was served on January 6, 2006, that is, this time Meredith served the subpoena more than 30 days before the proposed deposition.

Rather than comply with the remaining Court-ordered conditions, however, apparently due to a drafting or clerical error, the scope of the amended subpoena reverted to the overly broad scope stated in the original subpoena.

In response to this noncompliant subpoena, Lowe's refused to appear for the deposition, but offered to produce all responsive documents in its possession encompassed within the narrowed, Court-ordered scope.

Rather than reissue or otherwise correct the subject subpoena, on February 6, 2006, Meredith filed its Motion to Compel.

In a "Supplement ..." filed March 2, 2006, Lowe's informed the Court that it has, in fact, produced all responsive documents.

Accordingly, because Meredith has not complied with the conditions discussed above, and further, because Lowe's has credibly stated that it has produced all properly discoverable documents, Meredith may not enforce the subject subpoena.

**NOW, THEREFORE, IT IS ORDERED:**

1. Meredith & Sons Lumber Co., Inc.'s and Coastal Products Plus, LLC's "Motion to Compel" (document #7) is **DENIED**.

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED.**

Signed: March 6, 2006

_Carl Horn, III_

Carl Horn, III
United States Magistrate Judge