# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:05MC202-C

| | |
|---|---|
| IN RE: SUBPOENA ISSUED TO LOWE'S HOME CENTERS, INC., | )<br>)<br>) |
| – in – | )<br>) |
| MEREDITH & SONS LUMBER CO., INC., and COASTAL PRODUCTS PLUS, LLC, | )<br>)<br>) **MEMORANDUM AND ORDER** |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| WEYERHAEUSER COMPANY, | )<br>) |
| Defendant, | )<br>) |
| Pending in the United States District Court for the Northern District of Florida, Civil Action No. 3:04CV283RV/M | )<br>)<br>)<br>) |

**THIS MATTER** is before the Court on Lowe's Home Centers, Inc.'s "Motion to Quash Subpoenas and for Protective Order" (document #11) and "Memorandum in Support" (document #12), both filed April 24, 2006; and Meredith & Sons Lumber Co., Inc.'s and Coastal Products Plus, LLC's "Response ... Motion to Compel [including argument and citation to authorities]" (document #13) filed May 4, 2006. On May 9, 2006, Lowe's filed its "Reply ..." (document #14).

Meredith & Sons Lumber Co., Inc. and Coastal Products Plus, LLC have not filed a reply in support of their Motion, and the time for filing a reply brief has expired.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B), and the subject Motions are now ripe for determination.

This matter concerns two non-party subpoenas filed in an underlying breach of contract

action brought in the Northern District of Florida by Meredith & Sons Lumber Co. Inc. and Coastal Products Plus, LLC (collectively "Meredith"), initially against Lowe's Home Centers, Inc. ("Lowe's") and Weyerhaeuser Company ("Weyerhaeuser").

Relative to the subject Motions, Weyerhaeuser is the distributor of certain decking material and accessories known as "ChoiceDek," which is manufactured by non-party Advanced Environmental Recycling Technologies, Inc. ("AERT"). On April 27, 2000, Meredith and Weyerhaeuser entered into a Sub-Distributorship Agreement ("the Meredith agreement") pursuant to which Weyerhaeuser granted Meredith an exclusive right to sell ChoiceDek in the geographic area of "the Florida panhandle."

Subsequently, Weyerhaeuser and Lowe's, one of Meredith's competitors, entered into an agreement ("the Lowe's agreement") whereby Lowe's was granted the exclusive right to sell the ChoiceDek "Premium" line across the country, including in the Florida panhandle, and the non-exclusive right to sell other ChoiceDek products. On February 28, 2002, Meredith and Weyerhaeuser amended the Meredith Agreement to take into account Weyerhaeuser's contract with Lowe's, that is, to permit Lowe's to sell ChoiceDek products in the Florida panhandle. After the amendment, Meredith retained the non-exclusive right to sell all ChoiceDek lines, <u>except</u> the Premium line, in the Florida panhandle, and was to be paid a 17% commission by Weyerhaeuser on the gross sales of all AERT products sold to Lowe's for distribution in the same area.

It is undisputed that sometime after February 28, 2002, AERT and Lowe's made improvements and modifications to the ChoiceDek Premium product line. The parties dispute, however, whether the improved product remained a part of the Premium line, subject to Lowe's exclusive sales rights, or whether the improved product became a new ChoiceDek product, which

Meredith would also be entitled to sell.

Scott Robinson is the Lowe's employee responsible for the development and marketing of the ChoiceDek product line. John Steed, also a Lowe's employee, signed the agreement between Lowe's and Weyerhaeuser, and later signed the letter terminating that agreement. Weyerhaeuser has raised the termination of the Lowe's agreement as a defense in the litigation described below.

Sometime in 2004, Meredith filed the underlying lawsuit in the Northern District of Florida, alleging claims for breach of contract against Weyerhaeuser arising from its refusal to sell the "improved" Premium product to Meredith and its alleged failure to pay Meredith commissions on sales to Lowe's in the Florida panhandle that allegedly accrued in or after July 2004. As noted above, the Complaint also initially stated a claim against Lowe's for intentional interference with contract, but sometime in Fall 2004, Lowe's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) was granted.

Meredith has twice previously noticed Lowe's Rule 30(b)(6) deposition, which sought the production of documents related to Lowe's dealings with Weyerhaeuser nationally and across all product lines, and which was the subject of an earlier "Motion to Quash and for Protective Order" by Lowe's and a "Motion to Compel" by Meredith. See "Memorandum and Order" at 7 (document #6) (granting Lowe's first "Motion to Quash and for Protective Order") and "Memorandum and Order" at 6 (document #10) (denying Meredith's first "Motion to Compel").

Neither party appealed those Orders to the District Judge to whom this matter is assigned (the Honorable Robert J. Conrad, Jr.), and accordingly, it is "the law of this case" that Meredith may compel Lowe's "to appear at a deposition or produce documents" only if it complies with the following conditions:

> (1) that prior to serving an amended subpoena on Lowe's, Meredith must fully exhaust its efforts to obtain the subject discovery from Weyerhaeuser; (2) that the amended subpoena must allow Lowe's not less than 30 days to respond; and (3) that the amended subpoena shall be limited to information not already provided by Weyerhaeuser and relating to Weyerhaeuser's sales to Lowe's of ChoiceDek and other AERT products that were made on or after January 1, 2002, and in the geographic area the parties presently describe as "the Florida panhandle."

"Memorandum and Order" at 7 (document #6).

On April 5, 2006, Meredith noticed the individual depositions of Mr. Steed and Mr. Robinson for May 9, 2006, to be conducted in Lowe's Mooresville, North Carlina office, but did not seek the production of documents from either witness. Rather, Meredith credibly represents that it intends to depose Mr. Steed and Mr. Robinson concerning their respective personal knowledge of Lowe's former agreement with Weyerhaeuser and the ChoiceDek product line.

Relying on the previous restrictions placed on Lowe's 30(b)(6) deposition and/or producing documents, Lowe's refused to make its employees available for the depositions, and these subject cross motions were filed.

There is no indication in the record, however, that Meredith has recommenced its efforts to take Lowe's Rule 30(b)(6) deposition or otherwise compel Lowe's to produce an overly burdensome amount of largely irrelevant documents. Moreover, contrary to Lowe's present assertions, Meredith has never been constrained from conducting otherwise reasonable discovery that did not involve the production of documents, such as taking individual depositions of Lowe's employees.

Accordingly, and it otherwise appearing from the record that the depositions Meredith presently seeks to take are reasonably calculated to discover evidence which may be admissible in the underlying litigation, the undersigned will compel Mr. Steed and Mr. Robinson to appear, as ordered below.

**NOW, THEREFORE, IT IS ORDERED:**

1. Lowe's Home Centers, Inc.'s "Motion to Quash Subpoenas and for Protective Order" (document #11) is **DENIED**.

2. Meredith & Sons Lumber Co., Inc.'s and Coastal Products Plus, LLC's "Motion to Compel" (document #13) is **GRANTED**, that is, at a date and time agreeable to the parties, but no later than June 30, 2006, John Steed and Scott Robinson shall appear for their respective depositions to be taken at Lowe's Home Centers, Inc.'s corporate office in Mooresville, North Carolina.

3. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED.**

Signed: May 24, 2006

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge